UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER S. RIDER, | CASE NO. 1:07-cv-01516-AWI-SMS PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE EXCESSIVE FORCE CLAIM |
| v. | |
| JAMES YATES, et al., | |
| Defendants. | (Doc. 1) |
| | RESPONSE DUE WITHIN THIRTY DAYS |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Christopher S. Rider ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 18, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

The events giving rise to the claims at issue in this action allegedly occurred at Pleasant Valley State Prison, where Plaintiff was housed at the time. Plaintiff alleges that on or around January 29, 2007, following a verbal exchange between them, Defendant Canu handcuffed him, removed him from his cell, and slammed him face first into a steel door, breaking his glasses and cutting his eye. Plaintiff was not seen by medical staff following his injury, and alleges he has a scar above his eye and damage to his vision.

Plaintiff's allegations are sufficient to state a claim against Defendant Cantu for violation of the Eighth Amendment for use of excessive force. Fed. R. Civ. P. 8(a); Hudson v. McMillian, 503 U.S. 1, 6-7, 112 S.Ct. 995, 999 (1992). However, Plaintiff's allegations do not support any other claims for relief.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

(9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). The failure to obtain medical treatment for Plaintiff gives rise to a claim for relief only if a named defendant "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Further, a delay in treatment gives rise to an Eighth Amendment violation on if the delay led to further harm. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Plaintiff's allegations concerning the lack of medical treatment are not sufficient to support a claim that his rights under the Eighth Amendment were violated by any of the named defendants.

Further, to state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44). Plaintiff has not alleged any facts linking Defendants Yates, Grannis, Williams, Simas, and Murguia to a violation of his rights.

The Court will allow Plaintiff the opportunity to amend. In determining whether he wishes to amend, Plaintiff is informed that "there is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Hydrick v. Hunter, 500 F.3d 987, 988 (9th Cir. 2007) (quoting Taylor v. List, 880

3

1  F.2d 1040, 1045 (9th Cir. 1989)).  Further, the existence of an administrative remedy process does
2  not create any substantive rights and cannot support a claim for relief for violation of a constitutional
3  right.[1]  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640
4  (9th Cir. 1988); Massey v. Helman, 259 F.2d 641, 647 (7th Cir. 2001).  "Ruling against a prisoner
5  on an administrative complaint does not cause or contribute to the violation."  George v. Smith, 507
6  F.3d 605, 609 (7th Cir. 2007).

7  **III.    Conclusion and Order**

8      Plaintiff's complaint states a claim under the Eighth Amendment against Defendant Cantu
9  for use of excessive force, but fails to state any other claims.  The Court will provide Plaintiff with
10 the opportunity to file an amended complaint curing the deficiencies identified by the Court in this
11 order.

12     If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only
13 against Defendant Cantu on his excessive force claim, Plaintiff may so notify the Court in writing,
14 and the Court will issue a Findings and Recommendations recommending that the other defendants
15 be dismissed from this action.  Plaintiff will be provided with one summons and one USM-285 form
16 for completion and return, and upon receipt of the forms, the Court will direct the United States
17 Marshal to initiate service of process.

18     If Plaintiff opts to amend, he must demonstrate in his complaint how the conditions
19 complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625
20 F.2d 227 (9th Cir. 1980).  The complaint must allege in brief but specific terms how each named
21 defendant is involved.  There can be no liability unless there is some affirmative link or connection
22 between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976);
23 May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
24 1978).
25 ///

---

[1] Defendant Grannis is or was the Chief of the Inmate Appeals Branch in Sacramento, which raises the possibility that Plaintiff may be attempting to impose liability on one or more of the defendants based on their involvement in handling his inmate appeals.

4

1    Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); accord <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Cantu on his Eighth Amendment excessive force claim; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   May 23, 2008**                    /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE