# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER S. RIDER, | CASE NO. 1:07-cv-01516-SMS PC |
| Plaintiff, | ORDER DENYING MOTIONS |
| v. | (Docs. 39, 40, 42, 44 and 48) |
| JAMES YATES, et al., | |
| Defendants. | |

**I.   Order Denying Miscellaneous Motions**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Christopher S. Rider, a state prisoner proceeding pro se and in forma pauperis. This action is proceeding on Plaintiff's amended complaint, filed June 12, 2008, against Defendant Cano for use of excessive force and against Defendant Kahn for denial of medical care, in violation of the Eighth Amendment.

On December 10, 2009, Plaintiff filed motions seeking a medical examination by an outside doctor, a transfer to Pleasant Valley State Prison (PVSP) to conduct a physical investigation of the premises, and a settlement conference by video conference. On December 23, 2009, Plaintiff filed a motion seeking a polygraph examination, and on January 8, 2010, Plaintiff filed a motion seeking the issuance of five subpoenas duces tecum. Defendants filed an opposition to Plaintiff's motion to conduct a physical investigation at PVSP on December 28, 2009. For the reasons set forth below, Plaintiff's motions are denied.

///

///

### A. Medication Examination

Federal Rule of Civil Procedure 35(a) allows the court to order the physical or mental examination of a party whose condition is in controversy. Rule 35 is intended to permit a party to seek an order requiring an opposing party whose condition is in controversy to submit to an examination. Good cause for an examination must be shown, and the rule does not authorize Plaintiff to seek his own free examination to obtain evidence to prosecute his case. Because Plaintiff is incarcerated, the Court will assist him in facilitating an outside consult if Plaintiff has the funds available to compensate a doctor for examining him. However, Plaintiff is not entitled under Rule 35 to a free examination by an outside specialist, and his motion is denied.

### B. Transfer to PVSP to Conduct Investigation

Plaintiff, who is currently housed at High Desert State Prison, seeks an order requiring that he be transferred to PVSP and provided with a camera and other material at state cost so that he may inspect, test, sample, measure, and photograph the areas in and around the program office, cell 2 in building 242, and the shower. Plaintiff asserts that he has the legal right to seek anything relevant to his claims in this action.

Plaintiff is not entitled to conduct an investigation to gather evidence at government expense. The in forma pauperis statute does not provide for the funding of the expenditures sought by Plaintiff, and Defendants are not obligated to bear Plaintiff's investigation expenses.

While Plaintiff is entitled to seek relevant evidence from the Defendants in discovery and to file a motion to compel if necessary, Plaintiff may only seek evidence that already exists. The rules of discovery do not allow Plaintiff to compel Defendants to conduct an investigation to create evidence for Plaintiff. Plaintiff's motion is denied.

### C. Settlement Conference

Plaintiff seeks to set a settlement conference by video. In this type of action, settlement conferences are not set automatically. Local Rule 240(c)(8). A settlement conference will set in this action only if both sides notify the Court that they believe a settlement conference may be beneficial or is desired. Local Rule 270(a). Therefore, Plaintiff's motion for a settlement conference by video is denied.

### D. Polygraph Examination

Plaintiff seeks a polygraph examination for himself and for the defendants. Section 3293 of Title 15, cited to by Plaintiff, provides for the administration of a polygraph exam by prison officials during the course of a prison investigation. Cal. Code Regs., tit. 15 § 3293 (2009). The section has no applicability to this civil suit in federal court. Likewise the state penal code sections cited to by Plaintiff have no applicability. There is no entitlement to the administration of polygraph examinations in this action, and Plaintiff's motion is denied.

### E. Subpoenas Duces Tecum

Finally, Plaintiff requested that the Clerk's Office issue him five subpoenas duces tecum. Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents from non-parties, and to service of the subpoena by the United States Marshal. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). However, the Court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendants through a request for production of documents. Fed. R. Civ. P. 34. A plaintiff wishing to make a request for the issuance of a records subpoena must file a motion requesting the issuance of a subpoena duces tecum that (1) identifies with specificity the documents sought and from whom, and (2) makes a showing in the motion that the records are only obtainable through that third party. Plaintiff has not met any of these requirements and his motion is denied.

## II. Order

For the reasons set forth herein, Plaintiff's motions are HEREBY ORDERED DENIED. (Docs. 39, 40, 42, 44 and 48.)

IT IS SO ORDERED.

**Dated: February 4, 2010**         /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE