1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   CHRISTOPHER S. RIDER,                    CASE NO. 1:07-cv-01516-SMS PC

10                          Plaintiff,        ORDER DENYING PLAINTIFF'S MOTION
                                             FOR SANCTIONS
11          v.
                                             (Doc. 43)
12   JAMES YATES, et al.,

13                          Defendants.
     _____/

14

15          This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Christopher S.

16   Rider, a state prisoner proceeding pro se and in forma pauperis.  This action is proceeding on

17   Plaintiff's amended complaint, filed June 12, 2008, against Defendant Cano for use of excessive

18   force and against Defendant Kahn for denial of medical care, in violation of the Eighth Amendment.

19   Pursuant to the scheduling order, the deadline for the completion of all discovery is March 2, 2010.

20          On December 23, 2009, Plaintiff filed a motion seeking sanctions against Defendants for

21   failing to timely serve responses to his discovery requests.  Defendants filed an opposition on

22   January 6, 2010, and Plaintiff filed a reply on January 19, 2010.

23          A responding party has forty-five days from the date of service of a discovery request to

24   respond.  (Doc. 20, Disc. & Sched. Order, ¶2.)  Plaintiff contends that he served a request for the

25   production of documents on September 2, 2009, and a request for admissions and interrogatories on

26   September 15, 2009.  On October 30, 2009, defense counsel conferred with Plaintiff by telephone

27   and sought an extension of time to November 24, 2009, to respond to the request for admissions and

28   interrogatories, to which Plaintiff agreed.  On November 5, 2009, Defendants filed a motion seeking

1   an extension of time to November 24, 2009, to serve responses to Plaintiff's request for admissions

2   and interrogatories, and stated that Plaintiff was unwilling to sign the written stipulation they

3   presented to him via the Litigation Coordinator.

4          On December 3, 2009, Plaintiff received responses to his request for admissions,

5   interrogatories, and request for the production of documents.  Plaintiff contends that none of the

6   discovery responses were timely under the Court's order, and that the request for the production of

7   documents was exceedingly untimely given that it was not included either in his verbal agreement

8   to an extension of time or in the order granting an extension of time.  Plaintiff seeks sanctions

9   deemed appropriate by the Court.

10         Although apparently not received by Plaintiff until December 3, 2009, Defendants served

11  their discovery responses by mail on November 24, 2009.  Written responses are due within forty-

12  five of service.  Fed. R. Civ. P. 34(b)(2)(A); Disc. & Sched. Order.  Service of a response by mail,

13  as is the case here, is completed upon mailing.  Fed. R. Civ. P. 5(b)(2)(C).  Defendants' responses

14  to the request for admissions and interrogatories were served by mail on the deadline and were

15  therefore timely.

16         Given that neither the courts nor the parties to litigation can control or predict the speed of

17  the United States Postal Service or the prison's mail delivery system, it would be virtually impossible

18  to coordinate responses to comply with deadlines requiring hand delivery of mail.  It is for that

19  reason that date on the proof of service by mail is the operative response deadline.

20         Turning to the request for the production of documents, the burden is on the moving party

21  to supply the information necessary for the Court to issue a ruling.  In this instance, Plaintiff failed

22  to provide a copy of his document production request and proof of service with his motion.  In this

23  case, that information is critical because Defendants contend that they were not properly served with

24  a request for the production of documents and that they responded to an informal request for

25  discovery made pursuant to penal code section 1054.5, attached to Plaintiff's motion to withdraw

26  his motions to compel.

27         The Court has reviewed Plaintiff's motion to withdraw, which was filed on September 9,

28  2009, and included with the filing is a document entitled "Informal Request for Discovery Pursuant

2

1   to Penal Code § 1054.5." (Doc. 27.)  If this is the request for production of documents at issue in

2   Plaintiff's motion for sanctions, and that appears to be the case, it was not a properly served request

3   for the production of documents.  Neither informal discovery requests nor state penal code sections

4   have any applicability to this federal civil action.  Rule 34 of the Federal Rules of Civil Procedure

5   governs formal requests for the production of documents.  Given Plaintiff's failure to serve a

6   properly noticed, formal discovery request pursuant to Rule 34, no duty to respond by Defendants

7   was triggered by the document.  While Defendants ultimately served a response, they were not

8   required to do so under the circumstances, and as a result, their failure to respond within forty-five

9   days provides no ground for the imposition of sanctions against them.[1]

10      Further, in light of Plaintiff's request for one million dollars in sanctions, the Court finds it

11   appropriate to issue the following admonition.  The circumstance in which Plaintiff is seeking

12   sanctions limits the availability of sanctions, notwithstanding his failure to serve a proper Rule 34

13   request.  Plaintiff did not file a motion to compel and the only issue is Defendants' allegedly

14   untimely response.  Therefore, the sanctions permitted under Rule 37 in circumstances where a party

15   successfully moves to compel, or where the non-moving party fails to serve a discovery response or

16   fails to comply with an order granting a motion to compel are not available to Plaintiff.  Rather, the

17   sanction available for failure to serve a timely discovery response is a waiver of the objections to the

18   discovery response.  Plaintiff's request, set forth in his reply, for one million dollars in sanctions is

19   so unreasonable as to be in bad faith.  Any party who frivolously or in bad faith seeks sanctions

20   against the opposing party will find himself at risk for being sanctioned for abuse of process.

21      Plaintiff's motion for sanctions, filed December 23, 2009, is HEREBY ORDERED DENIED.

22

23   IT IS SO ORDERED.

24   **Dated:    February 4, 2010**               **/s/ Sandra M. Snyder**
                                            UNITED STATES MAGISTRATE JUDGE

25

26

27   ─────────────────

28      [1] Counsel attests that he inadvertently responded to the request due to administrative oversight and not
    because the request was properly served.  (Doc. 47, Brodbeck Dec.)