# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER S. RIDER,<br><br>                    Plaintiff,<br><br>         v.<br><br>JAMES YATES, et al.,<br><br>                    Defendants.<br>_____ / | CASE NO. 1:07-cv-01516-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DISCLOSURE AND RESPONSE TO TRIAL REQUEST & READINESS<br><br>(Doc. 58) |

       This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Christopher S. Rider, a state prisoner proceeding pro se and in forma pauperis.  This action is proceeding on Plaintiff's amended complaint, filed June 12, 2008, against Defendant Cano for use of excessive force and against Defendant Kahn for denial of medical care, in violation of the Eighth Amendment.  On May 24, 2010, Plaintiff filed a "Motion for Disclosure, As Well As Response to Trial Request & Readyness [sic]."  (Doc. 58.)

       It appears that Plaintiff is attempting to conduct discovery via this motion in as much as Plaintiff requests that Defendants "disclose the names, addresses, and locations of the four porters that were working in 2 Building [sic] during th hours of 6:00 a.m. to 2:00 p.m., that [sic] were on the day room floor at the twelve o'clock count time; or that a movement sheet of Pleasant Valley State Prison for the day of January 29th, 2007 be issued to the Plaintiff so that he may get the names of prospective witnesses in this case" and that Defendants "provide the wereabouts [sic] of J. Ojeda and Lupe Mendoza Cavillo III's CDC numbers and locations."  (*Id.*)

1   Pursuant to the Discovery and Scheduling Order, the deadline for the completion of all discovery,
2   including filing motions to compel passed on March 2, 2010.  (Doc. 20.)
3           Plaintiff's motion is construed as a motion to modify the discovery and scheduling order
4   in this case.  A scheduling order controls the subsequent course of an action unless it is modified
5   by the court. Fed.R.Civ.P. 16(e); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608
6   (9th Cir. 1992).  A scheduling order cannot be modified "except upon a showing of good cause."
7   Fed.R.Civ.P. 16(b); Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir.
8   2002).  Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking
9   the amendment, and the court may modify the scheduling order if it cannot reasonably be met
10  despite the diligence of the party seeking the extension. Johnson, 975 F.2d at 609 (citing
11  Fed.R.Civ.P. 16 advisory committee's notes).  A party demonstrates good cause for the
12  modification of a scheduling order by showing that, even with the exercise of due diligence, he or
13  she was unable to meet the timetable set forth in the order. Zivkovic, 302 F.3d at 1087; Johnson,
14  975 F.2d at 609.  "If the party seeking the modification 'was not diligent, the inquiry should end'
15  and the motion to modify should not be granted." Zivkovic, 302 F.3d at 1087; see also Johnson,
16  975 F.2d at 609 ("Although the existence or degree of prejudice to the party opposing the
17  modification might supply additional reasons to deny a motion, the focus of the inquiry is upon
18  the moving party's reasons for seeking modification").  "[C]arelessness is not compatible with a
19  finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609.
20          Requests for the names, CDC numbers, and locations of prospective inmate witnesses are
21  rightly classified as discovery.  Plaintiff has not shown good cause to justify modification of the
22  discovery and scheduling order as he has not shown any basis as to why the information sought
23  was not inquired of and obtained while discovery in this case was open.
24          In this motion, Plaintiff also states, in the alternative, that he "reserves the right on the
25  grounds that a Summary Judgment and Pitchess motion is still pending in this court, filed
26  February 12th, 2010, in [sic] which has not been responded to or ruled upon." (*Id.*)  Plaintiff does
27  not delineate what "right" he is attempting to reserve, but the deadline for filing pretrial
28  dispositive motions passed on May 11, 2010 and there are no motions, other than the present one,

pending in this action.[1]  Thus, there is no such "right" for Plaintiff to "reserve."  Plaintiff cannot "reserve" a "right" based on motions that have not been filed with the Court.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's "Motion for Disclosure, As Well As Response to Trial Request & Readyness [sic]," (Doc. 58), filed May 24, 2010 is DENIED.

IT IS SO ORDERED.

**Dated:   May 26, 2010**                                      /s/ Sandra M. Snyder
                                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] On October 26, 2009, Plaintiff filed a motion for summary judgment.  (Doc. 30.)  However, on November 5, 2009, it was stricken as procedurally deficient.  (Doc. 32.)  On December 10, 2009, Plaintiff filed a second motion for summary judgment, which consisted only of a narrative.  (Doc. 41.)  On December 28, 2009, Defendants filed a motion to strike Plaintiff's motion for summary judgment, or, alternatively, extend time for Defendants to file opposition.  (Doc. 45.)  On February 5, 2010, Plaintiff's second motion for summary judgment, filed December 10, 2009, was stricken from the record on the ground that it was procedurally deficient.  (Doc. 51.)  Plaintiff has not filed any subsequent motion for summary judgment in this action.  Nor has Plaintiff filed a Pitchess motion in this action.

3